UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TECH DATA CORPORATION and TECH
DATA PRODUCT MANAGEMENT, INC.,

    Plaintiffs,

v.                                                                                  Case No: 8:11-cv-2454-T-33JSS

AU OPTRONICS CORPORATION, *et al.*,

    Defendants.
_____/

## **ORDER ON DEFENDANTS' MOTION TO ENFORCE THE COURT'S ORDER CONCERNING PRETRIAL EXCHANGES**

THIS MATTER is before the Court on the Motion to Enforce the Court's Order Concerning Pretrial Exchanges and Request for Expedited Treatment (Dkt. 107) ("Motion") filed by Defendants Chi Mei Optoelectronics Corporation, Chi Mei Optoelectronics USA, Inc., CMO Japan Co., Ltd., and HannStar Display Corporation (collectively, "Defendants"). Upon consideration, the Motion is denied for the reasons stated below.

### BACKGROUND

This case, which was filed on October 28, 2011, was part of a Multi-District Litigation ("MDL"). On November 25, 2011, the case was transferred to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings. On March 9, 2015, the case was remanded to this District. Trial is currently set for January 2016 and may last approximately four weeks.

On July 30, 2015, the parties filed a Joint Motion for Order Adopting Pretrial Disclosure Deadlines (Dkt. 81) ("Joint Motion"). In the Joint Motion, the parties set forth a proposed schedule for handling pretrial issues related to the exchange of deposition designations, witness lists, and

exhibit lists. Specifically, the parties agreed to exchange lists of witnesses they anticipate they "will use" and "may use" by July 31, 2015. The parties stated that they would exchange deposition designations for "will use" witnesses only and would meet and confer and propose a procedure for handling deposition designations for "may use" witnesses. The parties agreed to exchange affirmative deposition designations by July 31, 2015, counter-designations and objections by September 18, 2015, responses to objections and objections to counter-designations by October 23, 2015, and responses to objections to counter-designations by November 6, 2015.

Similarly, the parties agreed to exchange lists of exhibits they anticipate they "will use" and "may use." The parties stated that they would initially exchange PDF exhibit files and objections and responses for "will use" exhibits only and would meet and confer and propose a procedure for handling objections to "may use" exhibits. Plaintiff agreed to submit its lists of "will use" and "may use" exhibits by July 31, 2015 and PDF files of "will use" exhibits by August 7, 2015. Defendants agreed to submit their lists of "will use" and "may use" exhibits by August 21, 2015 and PDF files of "will use" exhibits by August 28, 2015. Plaintiff agreed to submit lists of any additional "will use" and "may use" exhibits by September 25, 2015, and Defendants agreed to submit their lists of additional exhibits by October 16, 2015. The parties agreed to exchange objections to "will use" exhibits by October 16, 2015 and responses to objections by November 20, 2015.[1]

The Court issued an endorsed order granting the Joint Motion and adopting the parties' proposed pretrial disclosure deadlines ("Endorsed Order"). On July 29, 2015, Plaintiff served Defendants with its initial exhibit list, which included 2,855 "will use" exhibits, and its initial

---

[1] At a status conference with District Judge Covington on April 2, 2015, the parties suggested to the Court that, after the parties conclude the meet and confer process regarding the exhibit and witness lists, they will present their positions to the Court for rulings on objections prior to trial.

witness list, which included 44 "will call" deposition witnesses. For those "will call" deposition witnesses, Plaintiff identified 115,598 lines of deposition designations.

Defendants objected to the breadth of Plaintiff's lists, and the parties conferred. Subsequently, on August 21, 2015, Plaintiff served amended witness and exhibit lists. In its amended witness list, Plaintiff included 1,655 "will use" exhibits and 24 "will call" deposition witnesses and identified 78,000 lines of deposition designations. The parties agreed to extend the deadline for Defendants to file objections and counter-designate responsive testimony from September 18, 2015 to October 16, 2015.

On August 28, 2015, Defendants filed the instant Motion, requesting that the Court order Plaintiff to limit its "will use" evidence to no more than 650 exhibits and 33,000 lines of deposition testimony. Defendants also requested an expedited briefing schedule. Plaintiff objects to both requests.

**APPLICABLE STANDARDS**

Pursuant to Federal Rule of Civil Procedure 26, prior to trial, each party must provide to the other parties the name of each witness, "separately identifying those the party expects to present and those it may call if the need arises" and designating those witnesses whose testimony will be presented by testimony. Fed. R. Civ. P. 26(a)(3)(A)(i), (ii). Each party must also identify each exhibit, "separately identifying those items the party expects to offer and those it may offer if the need arises." Fed. R. Civ. P. 26(a)(3)(A)(iii).

"[D]istrict courts have the power to control, 'within limits,' the presentation of evidence." *Ulysse v. Waste Mgmt., Inc. of Fla.*, No. 14-10548, 2015 WL 3684225, at *3 (11th Cir. June 16, 2015) (per curiam) (quoting *Geders v. United States*, 425 U.S. 80, 86 (1976)).[2] This includes the

---

[2] In *Ulysse*, the appellant contended that the district court's order limiting the number appellant's witnesses and requiring the appellant to file an amended exhibit list was an abuse of discretion. *Id.* at *3. The court noted that the

discretion to limit the amount of cumulative evidence. *Chapa v. United States*, 261 F. 775, 776 (5th Cir. 1919);[3] *see* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

## ANALYSIS

Defendants move to enforce the Court's Endorsed Order adopting the parties' pretrial disclosure deadlines and specifically request that the Court limit the number of exhibits and lines of deposition testimony that Plaintiff "will use" at trial. In support of their Motion, Defendants refer to the number of exhibits and lines of deposition testimony used during the trials of other cases that were part of the same MDL. Defendants contend that because the plaintiffs in other cases ultimately used fewer exhibits and deposition testimony than Plaintiff in this case has presently identified, Plaintiff's pretrial disclosures should be limited to "reasonable figures that actually approximate the anticipated scope of evidence at trial."

Plaintiff, though, was not a party to the prior trials and the plaintiffs in those cases were represented by different counsel. Plaintiff bears the burden of proving that Defendants violated the Sherman Act, 15 U.S.C. § 1, and may do so in accordance with its own trial strategy. Plaintiff identified the exhibits and witnesses that it "will" or "may" use, in accordance with Rule 26 and the procedures and deadlines set forth in the Joint Motion, which the Court approved. The Joint Motion did not specify any limitations on the number of exhibits or witnesses that a party could

---

appellant's objection was premature, because he was "unable to show prejudice or any effect on his substantial rights from the order because the case has not yet gone to trial." *Id.*

[3] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

identify as "will use" evidence; nor did the Court set forth any limitations in its Endorsed Order granting the Joint Motion. As such, it appears that Plaintiff has complied with the terms of the Endorsed Order.

Additionally, although the Court has discretion to control the presentation of evidence, it would be premature for the Court to make any rulings limiting Plaintiff's evidence at this stage. Plaintiff may be prejudiced if its proposed trial evidence is limited on the basis of mere numbers, when neither Plaintiff nor its counsel participated in the prior cases. *See Green Const. Co. v. Kansas Power & Light Co.*, 1 F.3d 1005, 1014 (10th Cir. 1993). Further, neither party provided the Court with copies of the pretrial disclosures that are at issue in the Motion, so the Court cannot determine whether any of the proposed exhibits or witness testimony are cumulative or irrelevant, such that it may be appropriate to limit Plaintiff's "will use" materials. Nonetheless, the parties agreed to a process for making such objections, which the Court endorsed, and the parties may raise such objections when appropriate. Accordingly, it is

**ORDERED:**

1. Defendants' Motion to Enforce the Court's Order Concerning Pretrial Exchanges is **DENIED**.

2. Defendants' Request for Expedited Treatment is **DENIED as moot**.

**DONE** and **ORDERED** in Tampa, Florida on September 24, 2015.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record